

| JANELLE THOMPSON, CRNA, | § | No. 08-20-00059-CV |
| Appellant, | § | Appeal from the |
| v. | § | 41st District Court |
| GENESIS FONG, | § | of El Paso County, Texas |
| Appellee. | § | (TC#2019DCV1550) |

## OPINION

Janelle Thompson, Appellant, brings an interlocutory appeal of the trial court's denial of her motion to dismiss the health care liability claim of Genesis Fong, Appellee. Appellant's sole issue is her allegation that Appellee's expert reports were so deficient as to not qualify as expert reports, meaning that Appellee failed to serve Appellant with an expert report within 120 days, therefore, the trial court erred by failing to dismiss Appellee's claims. TEX.CIV.PRAC.& REM.CODE ANN. § 74.351. We find Appellant's argument on appeal does not comport with her objections raised with the trial court. Accordingly, Appellant has waived her sole issue on appeal. TEX.R.APP.P. 33.1. We affirm the trial court's decision.

## BACKGROUND

Appellee gave birth at the Hospitals of Providence - East Campus on October 20, 2017. Appellee alleges that during her labor Appellant, a certified registered nurse anesthetist (CRNA) and another CRNA, Jose Robledo, placed an epidural catheter to alleviate her pain. Postpartum,

Appellee claimed neither Appellant nor Robledo were able to remove the catheter. A CT scan showed the distal end of the catheter lodged in her spine and surgery was required to remove the catheter. Two partial laminectomies were performed to remove the portion of the catheter lodged in Appellee's spine. The surgery was unsuccessful and a portion of the catheter remained. Appellee sued Appellant and Robledo alleging they negligently failed to properly place and remove the epidural catheter.

The Texas Medical Liability Act requires an individual alleging a health care liability claim to timely present an expert report to the healthcare provider against whom the claim is asserted. TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). Appellee timely served an expert report together with an attached curriculum vitae from Dr. Cecil-Arredondo, a board-certified orthopedic surgeon, with experience performing laminectomies and epidural analgesia for pain management. Appellee later served a second report and curriculum vitae from Dr. Sabri Malek, a board-certified anesthesiologist, with substantial experience in labor epidural catheter placement. Both reports were substantively the same. In their respective reports, both physicians stated that not properly placing or removing the catheter was a breach of the standard of care, the improper placement or removal of the catheter caused Appellee to need laminectomy surgery, and she is at risk for future health complications as a result of the portion of catheter remaining in her spine. Both physicians stated without additional information, neither would be able to determine whether the catheter was placed or removed correctly.

In response, Appellant filed objections and motions to dismiss for each report claiming they were deficient for failing to establish the standard of care, how Appellant breached the standard of care, and how that breach led to Appellee's injuries. Following a hearing in which Appellant reurged her objections, the trial court issued an order granting Appellant's objections to

Appellee's experts' reports. Specifically, the trial court found Dr. Arredondo's report failed to: (1) establish his qualifications to opine on the standard of care applicable to a CRNA placing and removing an epidural catheter; (2) adequately identify the standard of care for each defendant; and (3) differentiate between the two defendants regarding breach and causation. The trial court further found Dr. Malek's report failed to: (1) adequately identify the standard of care for each defendant; and (2) differentiate between the two defendants regarding breach and causation. Accordingly, the trial court granted Appellee thirty days to cure the deficiencies in her experts' reports and file new or amended reports. Appellant now brings an interlocutory appeal of the trial court's order alleging the expert reports provided by Appellee were so deficient as to not qualify as expert reports, meaning Appellee failed to serve Appellant with an expert report and therefore the trial court erred by failing to dismiss Appellee's claims.

## DISCUSSION

Appellant argues the trial court abused its discretion by failing to dismiss Appellee's lawsuit and award attorney's fees and court costs, because the reports provided by Drs. Arredondo and Malek were so substantially deficient as to not qualify as expert reports. Appellant asserts Drs. Arredondo and Malek's reports are substantially deficient in two ways. First, the reports do not contain opinions that there is a meritorious claim against Appellant. Second, the reports do not implicate Appellant's conduct.

### *Standard of Review and Applicable Law*

We review the trial court's ruling on a motion to dismiss for an inadequate expert report under an abuse of discretion standard. *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 875 (Tex. 2001); *Gonzalez v. Padilla*, 485 S.W.3d 236, 242 (Tex.App.—El Paso

3

2016, no pet.). We defer to the factual determinations of the trial court and review the trial court's legal determinations *de novo*. *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 643 (Tex. 2009).

The Texas Medical Liability Act requires an individual alleging a health care liability claim to present one or more expert reports to the healthcare provider against whom the claim is asserted within 120 days of filing the original petition. TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(a). A valid expert report will provide a summary of the expert's opinions regarding: (1) the applicable standards of care; (2) the manner in which the care rendered by the health care provider failed to meet the standards; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Palacios*, 46 S.W.3d at 877-78; TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(r)(6). The Texas Supreme Court has determined, at a minimum, an expert report must contain the opinion of an individual with expertise that the claim has merit, and if the defendant's conduct is implicated. *Loaisiga v. Cerda*, 379 S.W.3d 248, 260 (Tex. 2012)(citing *Scoresby v. Santillan*, 346 S.W.3d 546, 557 (Tex. 2011)). If a report does not meet this standard, then the trial court must dismiss the claim if the defendant has moved for dismissal. *Loaisiga*, 379 S.W.3d at 260; TEX.CIV.PRAC.&REM.CODE ANN. § 74.351(b).

### *Analysis*

As a preliminary matter, we must address whether Appellant has preserved her error for review. Appellant contends the trial court erred when it failed to dismiss Appellee's claim. Appellant argues the reports filed by Appellee are so substantially deficient they are not expert reports because the reports do not opine whether there is a meritorious claim against Appellant-and do not implicate Appellant's conduct.

In the underlying proceedings, Appellant filed separate objections and motions to dismiss in response to Drs. Arredondo and Malek's reports. In each objection, Appellant argued the report

4

failed to identify Appellant by name, failed to establish the standard of care, how Appellant breached the standard of care, and how that breach led to Appellee's injury. Each objection concluded with a motion to dismiss. During the dismissal hearing, Appellant's counsel reiterated the same objections, stating "I don't feel like it's being done in good faith because if I go through both reports . . . . They don't even address the standard of care at all. There's not a mention of what Ms. Thompson, certified nurse anesthetist, should have done." At no point during the underlying proceedings, either by motion or in the hearing did Appellant raise the issue of whether the reports fail to constitute expert reports.

"To preserve a complaint for appellate review, a party must make a timely request, objection, or motion with sufficient specificity to apprise the trial court of the complaint and obtain an adverse ruling thereon." *In re N.T.*, 335 S.W.3d 660, 669 (Tex.App.—El Paso 2011, no pet.) (citing TEX.R.APP.P. 33.1(a)). Further, a "complaint on appeal that does not comport with the party's objection at trial is not preserved for review." *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 831 (Tex.App.—El Paso 2019, no pet.).

Our review of the record reveals Appellant fails to raise the issue of whether the reports provided by Drs. Arredondo and Malek were so substantially deficient as to not qualify as expert reports. Appellant did contend the reports were inadequate but did not apprise the trial court the proffered reports were legally equivalent to no report. Appellant's only objections were that the reports were deficient for failing to identify Appellant by name, state the standard of care, Appellant's breach of that standard, and the causal relationship between the breach and Appellee's harm. Appellant did not raise an objection that the expert reports failed to opine whether Appellee's case has merit or implicated Appellant's conduct. Appellant's argument that the trial court erred

5

in failing to dismiss the case because the report did not implicate Appellant or directly opine on the merits is not preserved.

Given Appellant failed to raise the issue the expert reports did not constitute "expert reports" in the trial court, her sole issue on appeal does not comport with the objections she made in the trial court. As a result, the trial court was not aware of or afforded an opportunity to rule on Appellant's argument. Appellant has failed to preserve her issue for our review. TEX.R.APP.P. 33.1. Consequently, we hold Appellant has waived her sole issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


September 29, 2021

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.